IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

**HELENA DIVISION**

_____

| | |
|---|---|
| CURTIS JAMES SULLIVAN, | Cause No. CV 08-22-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| RANDI HOOD, | |
| Defendant. | |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) and a proposed Complaint submitted pursuant to 42 U.S.C. § 1983. (Document 2).  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has submitted a declaration and an account statement which this Court finds sufficient to make the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be **GRANTED**.

The Complaint shall be deemed filed as of the date that the Motion to Proceed In Forma Pauperis was filed and the proposed

complaint was delivered to the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also* United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

Notwithstanding his forma pauperis status, Plaintiff is required to pay the statutory filing fee of $350.00 for this action, even if the case is dismissed.  *See* 28 U.S.C. § 1915(b)(1), (e)(2).  Because the Court does not know the balance in Plaintiff's account today, the initial partial filing fee will be waived.  However, Plaintiff must make monthly payments of 20% of the income credited to his account each month.  The percentage is set by statute and cannot be altered.  *See* 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the agency having custody of Plaintiff to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  *See id.*

## II.  PARTIES

Plaintiff is a state prisoner proceeding pro se.  Plaintiff is incarcerated at the Crossroads Correctional Center in Shelby, Montana.

Plaintiff has named Randi Hood, a Lewis and Clark County Public Defender as the sole defendant in this case.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 2

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Randi Hood, acting as Plaintiff's public defender deprived him of his constitutional right to an attorney (Document 2-2, p. 3, ¶ IV) and was "distructive [sic], inneffective [sic], in a malicious manner." (Document 2, p. 4, ¶ IV(A)(1)).  He alleges a loss of civil rights, illegal incarceration and mental anguish.  He is seeking to restore his civil rights, restore his liberty and restore the money he has lost.

### IV. PRELIMINARY SCREENING OF THE COMPLAINT

#### A. STANDARD

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which impose a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable
> after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or
> officer or employee of a governmental entity [and][o]n
> review, the court shall identify cognizable claims or
> dismiss the complaint, or any portion of the complaint,
> if the complaint (1) is frivolous, malicious, or fails
> to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is
> immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 3

may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550 U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT / PAGE 4

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

In effect, Plaintiff is seeking to challenge his state conviction by suing his attorney. This he cannot do. First, the Ninth Circuit has held that by virtue of the Supreme Court's decision in Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445,

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT / PAGE 5

70 L.Ed.2d 509 (1981), public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Even if Plaintiff could prove ineffective assistance of counsel, he cannot state a § 1983 claim for damages against his criminal defense lawyer because there would be no state action. *See also Cox v. Hellerstein,* 685 F.2d 1098, 1098-99 (9th Cir. 1982) (dismissing a suit against a federal public defender for lack of subject matter jurisdiction).

Secondly, Plaintiff's Complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In that case, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

Plaintiff has already attempted to challenge his conviction by way of a petition for writ of habeas corpus filed in this Court. That petition was denied. *See Sullivan v. Montana State Prison*, Civil Action No. 02-CV-032-H-LBE filed July 8, 2002 and

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT / PAGE 6

dismissed as being procedurally defaulted on June 2, 2003.[1]

Plaintiff's conviction has not been reversed, declared invalid, expunged, or called into question.  Thus, he has failed to state a claim upon which relief may be granted.  This is not a defect which could be cured by amendment.  Accordingly, Plaintiff's Complaint should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).  The Court is going to designate this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim.  For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith.  That is, the issues raised in this matter are frivolous.

Based upon the foregoing, the Court makes the following:

**ORDER**

1.  Plaintiff's Motion for Leave to Proceed in forma pauperis (Document 1) is **GRANTED**.  The Clerk of Court shall waive

---

[1] A court may take judicial notice of its own as well as other courts' records.  *See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n.1 (9th Cir. 1988).

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 7

prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on March 27, 2008.

3. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court enters the following:

### RECOMMENDATION

1. Plaintiff's Complaint (Document 1) should be **DISMISSED**.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claims

are so frivolous that no reasonable person could suppose that an appeal would have merit.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Thereafter, a district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 3rd day of April, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 9